811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abby TARPLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-4076.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1986.
 
 Before KEITH and MERRITT, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Abby Tarpley appeals the Secretary's denial of his Social Security Disability Benefits claim and seeks a remand for reconsideration under the new mental disability guidelines contained in the Social Security Disability Benefits Reform Act of 1984.[1] For the reasons stated below, we remand to the Secretary for a redetermination under the new criteria.
 
 
 2
 Mr. Tarpley originally filed for disability benefits in April, 1981, alleging various physical impairments as the basis for that application. That claim was denied by the Secretary upon a finding that Mr. Tarpley did not have a severe physical impairment. During the course of examination, however, some evidence emerged regarding Mr. Tarpley's emotional stability. On October 25, 1983, the United States District Court for the Southern District of Ohio remanded the case for further inquiry into the possible psychiatric impairment.
 
 
 3
 At this point, the chronology of proceedings is crucial. Mr. Tarpley's remanded claim was denied by the administrative law judge for lack of a severe impairment on June 12, 1984. The Appeals Council upheld this determination on August 30, 1984. Six weeks later, on October 9, 1984, Congress enacted the Social Security Benefits Reform Act of 1984. Section 5(c)(3) of that legislation provided the following:
 
 
 4
 (3) Any individual with a mental impairment who was found to be not disabled pursuant to an initial disability determination or a continuing eligibility review between March 1, 1981, and the date of the enactment of this Act, and who reapplies for benefits under Title II or XVI of the Social Security Act, may be determined to be under a disability during the period considered in the most recent prior determination. Any reapplication under this paragraph must be filed within one year after the date of the enactment of this Act, and benefits payable as a result of the preceding sentence shall be paid only on the basis of the reapplication.
 
 
 5
 Instead of submitting a new application to the Secretary under Sec. 5(c)(3) of the Reform Act, Mr. Tarpley continued to press his previous claim by taking another appeal to the District Court. On September 23, 1985, this appeal was denied. Mr. Tarpley then timely filed a Rule 59(e) motion to alter or amend the judgment based on the new mental impairment guidelines contained in the Reform Act. This motion was filed on October 2, 1985, and denied by the District Court on November 11, 1985. In his appeal to this court, Mr. Tarpley reasserts his eligibility for the new Reform Act guidelines while contesting the Secretary's decision under the previous rules. Since we find that he is entitled to have his case determined under the new guidelines, we do not review the merits of the Secretary's decision on Mr. Tarpley's prior claims.
 
 
 6
 Under 42 U.S.C. Sec. 405(g), courts reviewing Social Security determinations possess the power to remand a case to the Secretary for additional proceedings whenever new evidence is presented that is material to the claim and good cause is shown for failure to include the material at a prior stage. This statute reflects the fact that courts do not abandon their powers of equity when reviewing disability determinations. Furthermore, we are asked in this case to effectuate the remedial intent underlying a statute which sought to provide benefits to claimants such as Mr. Tarpley. Fostering this intent is always the primary goal of judicial review.
 
 
 7
 In this case, Mr. Tarpley chose to seek redetermination by making a Rule 59(e) motion to the District Court rather than making an application de novo when he already had a pending claim. In so doing, we believe he met the requirements of a "reapplication" for purposes of Sec. 5(c)(3) of the Reform Act. Since this motion was made within a year of the enactment of that Act, Mr. Tarpley is entitled under the terms of the statute to a redetermination under the new criteria. Under these circumstances, it was reasonable for Mr. Tarpley to seek reconsideration of his first claim rather than reapply to the Secretary and be forced to press two claims at once. It would be unfair and contrary to the Reform Act to read Sec. 5(c)(3) in such a restrictive fashion.
 
 
 8
 In supplemental materials submitted to the Court after oral argument, the Secretary contends that we cannot recognize a reapplication that is not filed directly with the Social Security Administration. To support this argument, the Secretary relies on Schweiker v. Hansen, 450 U.S. 785 (1981). In Hansen, the Supreme Court held that a claimant could not recover on an oral application for benefits where the Social Security regulations clearly required applications to be in writing. Hansen, 450 U.S. at 790.
 
 
 9
 This, of course, is perfectly reasonable given the problems of proof attendant to any oral transaction. In Mr. Tarpley's case, however, the Rule 59(e) motion was in writing. Therefore, the concern which prompted the decision in Hansen is not present here. Mr. Tarpley's written motion adequately memorialized his intent to reapply under Sec. 5(c)(3) of the Reform Act.
 
 
 10
 Accordingly, Mr. Tarpley's claim for Social Security disability benefits is hereby remanded for reconsideration under the new criteria for mental impairments contained in the Social Security Disability Benefits Reform Act of 1984. Judge Keith disagrees with the remand and would affirm the judgment of the District Court.
 
 
 
 [1]
 P.L. 98-460 (1984) (codified at 42 U.S.C. Sec. 421)